UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JELENA PETROVIC )<br>　10735 5th Ave Cut Off Apt 405 )<br>　Countryside, IL 60525 )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff )<br>　　　　　　　　　　　　　　　　　) Civil Action No:<br>　　　　v. )<br>　　　　　　　　　　　　　　　　　)<br>ALEJANDRO MAYORKAS, in his official )<br>capacity, Secretary, U.S. Department of )<br>Homeland Security; )<br>UR M. JADDOU, in her official capacity, )<br>Director, U.S. Citizenship and Immigration )<br>Services; )<br>TED H. KIM, in his official capacity, )<br>Associate Director of Refugee, Asylum and )<br>International Operations, U.S. Citizenship )<br>and Immigration Services, )<br>　2707 Martin Luther King Jr. Ave, SE )<br>　Washington, DC 20528-0485 )<br>　　　　　　　　　　　　　　　　　)<br>MERRICK B. GARLAND, Attorney General, )<br>Office of Attorney General U.S. Department of )<br>Justice; )<br>　950 Pennsylvania Avenue, NW )<br>　Washington, DC 20530-0001 )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　Defendant(s). ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Tamunotonte Fenny, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W Algonquin Rd

Suite 630 Rolling Meadows, IL, Ph: 312-767-9030, Facsimile: 312-767-9030, Email:

tonte@jeelani-law.com.

1

## INTRODUCTION

COMES NOW JELENA PETROVIC (hereinafter "Plaintiff" or "Plaintiff PETROVIC"), by and through the undersigned attorney in the above cause and states as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff PETROVIC's Form I-589, Application for Asylum and Withholding of Removal, (hereinafter "Asylum Application" or "Application") within the statutory period of 180 days pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii). As Plaintiff's Application has been pending for over four years and nine months (over 57 months or 1743 days); Defendants have taken over 9 times the maximum statutory period they are given to adjudicate asylum applications.

2. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application, which has been pending for over four years and nine months (over 57 months or 1743 days) with the United States Citizenship and Immigration Services.

3. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as USCIS Asylum offices are fully operational and conducting asylum interviews; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

4. Plaintiff PETROVIC is a resident of Cook County, Illinois. She properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZCH-1942-244-090) on August 13, 2019 with the United States Citizenship and Immigration Service.

5. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

6. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

7. Defendant TED H. KIM is the Associate Director of Refugee, Asylum, and International Operations Directorate (RAIO); he is an official generally charged with supervisory authority over all operations of USCIS Asylum Offices. This action is filed against him in his official capacity.

8. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

9. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

10. Venue is proper in the District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(e) in that this is the district in which the Plaintiff resides and there is no real property involved in this action.

## GENERAL ALLEGATIONS

11. Plaintiff is a citizen of Serbia who properly filed her Asylum Application with USCIS on August 13, 2019 (Receipt Number: ZCH-1942-244-090). **[Exhibit A].** As of the date of this filing, Plaintiff's Application remains unadjudicated for a period of over four years and nine months (over 57 months or 1743 days)**.**

12. On September 23, 2019, Plaintiff completed her interview at the USCIS Chicago Asylum Office. Plaintiff was notified that she would receive her asylum decision in the mail. **[Exhibit B].**

13. Since September 23, 2019, USCIS has made no requests for evidence or information from the Plaintiff.

14. In the four years and nine months (over 57 months or 1743 days) following the filing of the Application, Plaintiff has made numerous inquiries with USCIS.

15. As of this date, Plaintiff's inquiries have not amounted to any meaningful responses by USCIS, nor have Defendants made any requests for evidence or issued a decision on the Application.

16. Plaintiff's Application has been pending for a period of over four years and nine months (over 57 months or 1743 days).

17. Defendants have conducted the initial investigation, interview, and have sufficient information and documentation about Plaintiff to issue a decision on the Application.

18. Defendant's delay and inaction is causing irreparable harm to Plaintiff as she is unable to commence her life in the United States.

## VIOLATION OF THE APA

19. All prior paragraphs are re-alleged as if fully stated herein.

20. Plaintiff has a statutory right to apply for asylum and to be considered for relief under the same pursuant to 8 U.S.C. § 1158(a).

21. Defendants have a statutory duty to adjudicate asylum applications within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

22. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

23. No other adequate remedy is available to Plaintiff.

24. Defendants' delay and inaction is causing irreparable harm to Plaintiff as she is unable to commence her life in the U.S. without living in fear of being forced to return to Serbia, where she will certainly be persecuted, tortured, and/or killed.

25. Defendants have failed in their statutory duty to adjudicate the Application in 180 days.

26. As Plaintiff's Application has been pending for over four years and nine months (over 57 months or 1743 days); Defendants have taken over 9 times the maximum statutory period they are given to adjudicate asylum applications.

27. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff's due process rights and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to take action on the Plaintiff's Application.

28. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Plaintiff's Application for a period of over four years and nine months (over 57 months or 1743 days) and have failed to carry out the adjudicative functions that are delegated to them by law with regard to Plaintiff's case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

1. That Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Asylum Application;

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately;

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper.

Date: May 21, 2024  Respectfully submitted,

    /s Tamunotonte Fenny
**Tamunotonte Fenny, Esq. (386892021)**
**JEELANI LAW FIRM, PLC**
**3501 W Algonquin Rd Suite 200**
**Rolling Meadows, IL 60008**
**tonte@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*